*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LAWRENCE CLAIR PEASE,

       Defendant-Appellant.

UNPUBLISHED
July 25, 2024

No. 360761
Charlevoix Circuit Court
LC No. 20-012014-FC

Before: MARKEY, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b (multiple variables), and he was sentenced to 18 to 40 years' imprisonment. He was also assessed $500 in court costs. Defendant appeals by leave granted,[1] arguing that the court costs assessed by the trial court pursuant to MCL 769.1k(1)(b)(*iii*) must be vacated because the statutory provision is facially unconstitutional. He specifically asserts that MCL 769.1k(1)(b)(*iii*) violates separation-of-powers principles and his due-process right to be tried by a neutral arbiter. We affirm.

Defendant was charged with two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with victim under 13 years of age), and three counts of CSC-I, MCL 750.520b(1)(a); MCL 750.520b(2)(b) (sexual penetration of a victim under 13 years of age by defendant 17 years of age or older). In February 2021, defendant pleaded guilty to a single count of CSC-I, and the remaining charges were dismissed.

Defendant challenges the trial court's assessment of $500 in court costs pursuant to MCL 769.1k(1)(b)(*iii*), arguing that the statute is facially unconstitutional. Because defendant did not raise challenges to the statutory provision in the trial court, we review his arguments for plain error affecting substantial rights. *People v Davis*, 509 Mich 52, 67; 983 NW2d 325 (2022). The

---

[1] *People v Pease*, unpublished order of the Court of Appeals, entered May 5, 2022 (Docket No. 360761).

defendant bears the burden of persuasion and must show that (1) an error occurred, that (2) the error was clear or obvious, and that (3) the error affected substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To satisfy the third element, the defendant must demonstrate that the error "affected the outcome of the lower court proceedings." *Id*. Additionally, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citation omitted).

At the time defendant was sentenced, MCL 769.1k(1) provided, in relevant part:

> If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred by statute or sentencing is delayed by statute:
>
> * * *
>
> (b) The court may impose any or all of the following:
>
> * * *
>
> (*iii*) Until October 1, 2022, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:
>
> (A) Salaries and benefits for relevant court personnel.
>
> (B) Goods and services necessary for the operation of the court.
>
> (C) Necessary expenses for the operation and maintenance of court buildings and facilities. [2020 PA 151.]

Defendant argues that MCL 769.1k(1)(b)(*iii*) infringed upon his due-process right to appear before and be sentenced by a neutral arbiter because it provides an incentive for trial judges to favor the conviction of defendants in order to fund the courts in which they preside. Defendant also argues that the statutory provision violates the separation-of-powers doctrine by preventing the judicial branch from accomplishing its constitutionally-designated function of affording criminal defendants due process of law. This Court has already considered and rejected these arguments regarding the constitutionality of MCL 769.1k(1)(b)(*iii*). See *People v Johnson*, 336 Mich App 688, 704-705; 971 NW2d 692 (2021); *People v Cameron*, 319 Mich App 215, 236; 900 NW2d 658 (2017). Although our Supreme Court initially granted leave to appeal in *Johnson* and directed the parties to address the constitutionality of MCL 769.1k(1)(b)(*iii*) relative to due process and separation of powers, *People v Johnson*, 509 Mich 1094 (2022), the Court ultimately denied leave to appeal, *People v Johnson*, 511 Mich 1047 (2023). Because this Court's holdings in

*Johnson* and *Cameron* constitute controlling law, we are bound by those decisions to reject defendant's constitutional challenges. See MCR 7.215(C)(2) and (J)(1).[2]

We affirm.

/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett

---

[2] Defendant acknowledges that this Court has previously rejected identical arguments, but he raises the issues for the purpose of preserving them for further appellate review. In light of our ruling, we need not reach defendant's argument that it is necessary to sever the offending language in the statute and order the trial court to reimburse defendant.